IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal No. **18-cr-30044-DRH-1** |
| **DIARRO C. LEWIS**, | ) ) ) |
| Defendant. | ) |

## ORDER OF DETENTION

This matter is before the Court on the Motion to Revoke Order of Release filed by the United States of America on September 27, 2018 (Doc. 19). The motion was granted in part with respect to the issuance of a warrant and a hearing was held on the matter on September 28, 2018. For the reasons set forth below, the motion is now **GRANTED** in its entirety and Defendant Diarro Lewis's bond is **REVOKED** and he is hereby ordered **DETAINED** pending trial in this matter.

At the hearing held on September 28, 2018, the Defendant did not challenge the assertions in the Bond Violation Report. Specifically, the evidence presented by the Government revealed that:

a. The Defendant was ordered not to violate any federal, state or local law while on release. On July 29, 2018, the defendant committed the offenses of possessing and using controlled substances (marihuana and ecstasy);

b. The Defendant was ordered to refrain from any use or unlawful possession of controlled substances. However, Defendant admitted to the recent use of alcohol, marihuana, and cocaine, on or about September 24, 2018; and

c. The Defendant was ordered to participate in a substance abuse counseling program. On September 25, 2018, the Defendant failed to participate in a substance counseling program in that, as a result of his actions, he was denied admission into residential treatment.

d. On September 26, 2018, the Defendant reported as directed and provided a urine specimen, which returned presumptive positive results for cocaine and marihuana.

1

Pursuant to the evidence, the Court finds there is clear and convincing evidence that the Defendant violated the following conditions of his bond. 18 U.S.C. §3148(b)(1). This Court further finds the Defendant poses a danger to the community and that he is unlikely to abide by any condition or combination of conditions of release as evidenced by his repeated drug use and failure to participate in substance abuse counseling. 18 U.S.C. §3148(b)(2).

Therefore, the Court **ORDERS** that the Defendant's release be **REVOKED** and further **DETAINS** the Defendant pending trial. Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court further **ORDERS** that:

1. The Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with his counsel; and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

**IT IS SO ORDERED.**

**DATED: September 28, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**